IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN FRANCIS McCLOSKEY, LAILA McCLOSKEY, and D.M., <br><br> Plaintiffs, <br> v. <br> M. E. COURTNIER, et al., <br><br> Defendants. | No. C 05-4641 MMC <br><br> **ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION; VACATING HEARING** |

Before the Court is the "Motion for Reconsideration of Order Enforcing Settlement Agreement," filed February 15, 2013, by plaintiffs' Sean McCloskey, Laila McCloskey, and D.M. Defendants have filed opposition. Plaintiffs have not filed a reply. Having read and considered the papers filed in support of and in opposition to the motion, the Court finds the matter suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for March 22, 2013, and rules as follows.

On September 21, 2012, defendants filed a motion to enforce the parties' settlement agreement, pursuant to the terms of which, in exchange for a dismissal of all claims with prejudice, Laila McCloskey was to receive the sum of $3500 and D.M. was to receive the sum of $1500. Plaintiffs opposed the motion on the grounds that the settlement agreement was not in the best interests of the minor plaintiff D.M., based on D.M.'s intermittently experiencing a cough that, although no medical doctor had made such diagnosis, plaintiffs "fear[ed] may be due to his exposure to pepper spray" during the incident giving rise to the

instant litigation. (See Opp'n to Mot. to Enforce at 2:21-25.) On October 26, 2012, the Court conducted a hearing on defendants' motion and, on October 29, 2012, for the reasons stated on the record at the hearing, granted the motion and approved the minor's compromise. (See Order, filed Oct. 29, 2012.) Plaintiffs now move for reconsideration of said order, pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure.

Pursuant to Rule 60(b)(1), "on motion and upon such terms as are just, the court may relieve a party . . . from a final judgment [for] . . . mistake, inadvertence, surprise, or excusable neglect . . . ." See Fed. R. Civ. P. 60(b). In support of the instant motion, plaintiffs offer no medical opinion suggesting D.M. currently suffers from any significant medical condition, or any condition attributable to the subject incident. Rather, plaintiffs raise, for the first time, the additional argument that "[t]he parties did not have a meeting of the minds in reaching the settlement agreement." (See Mot. at 1:28-2:1.) Specifically, Sean McCloskey asserts he intended only to settle his own claims, that it was not his "intention" to compromise his minor son's claims other than by a dismissal without prejudice, and that he thought the $5000 settlement was to reimburse him for medical bills and his attorney for the costs of taking depositions. (See McCloskey Decl. ¶ 3.)

Sean McCloskey further asserts that "sometime after the third settlement conference,"[1] he received for his signature a written settlement agreement providing for a minor's compromise, after which he contacted his two attorneys and informed them he had not agreed to such a settlement. (See id. ¶ 4.)[2] One of said attorneys, Andante Pointer, states, by contrast, that he first learned of plaintiffs' asserted lack of agreement when he received Sean McCloskey's January 29, 2013 declaration, a date subsequent to both the hearing and the Court's ruling on defendants' motion to enforce the settlement agreement.

---

[1] The third settlement conference was conducted on February 29, 2012.

[2] The agreement was reached orally out of court on or about March 15, 2012 and memorialized in emails exchanged between counsel for the respective parties on March 20, 2012.

2

(See Pointer Decl. ¶ 3.)³  As set forth below, however, the Court need not resolve the factual dispute presented in said declarations, as, in either event, the motion is unavailing.

First, "[a]s a general rule, parties are bound by the actions of their lawyers[.]"  See Casey v. Albertson's Inc, 362 F.3d 1254, 1260 (9th Cir. 2004) (affirming denial of relief under Rule 60(b)(1)).  Here, as noted, there is no dispute the parties' attorneys entered into a settlement agreement on behalf of their respective clients, and there is no assertion plaintiffs' attorneys did not have the authority to do so at that time.

Second, and most importantly for purposes of the instant motion, irrespective of whether Sean McCloskey conveyed to his counsel any misunderstanding as to the terms of the settlement agreement, he knew of any such lack of understanding long before the hearing at which the Court approved the minor's compromise and could have raised such argument in the briefing or at the hearing.  See San Luis & Delta-Mendota Water Auth. v. U.S. Dept. of Interior, 624 F. Supp. 2d 1197, 1208 (E.D. Cal. 2009) (noting a "Rule 60(b)(1) reconsideration motion should not merely present arguments . . . which could have been raised in the original briefs"; further noting "after thoughts" or "shifting ground" do not constitute an appropriate basis for reconsideration") (internal quotation and citation omitted).  To the extent Sean McCloskey asserts he was unaware of such hearing, his argument likewise fails as a "party is considered to have notice of all facts, notice of which can be charged to the attorney."  See Pioneer Inv. Services Co. v. Brunswick Assocs., 507 U.S. 380, 397 (1993) (internal quotation and citation omitted).

Accordingly, plaintiff's motion for reconsideration is hereby DENIED.

**IT IS SO ORDERED.**

Dated:  March 20, 2013

MAXINE M. CHESNEY
United States District Judge

---

³ Plaintiffs' other attorney, John Burris, has not filed a declaration in connection with this matter.

3